UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL SYLVESTER,**

        **Plaintiff,**        Case No.:

v.

**SABRINA'S TRUCKING LLC ,
NATHANIEL JOHNSON III,
individually, and SABRINA JOHNSON,
individually,**

        **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL SYLVESTER, hereby sues Defendants, SABRINA'S TRUCKING LLC and NATHANIEL JOHNSON, III, individually, and SABRINA JOHNSON, individually (hereinafter collectively "Defendants") and states as follows:

## INTRODUCTION

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and

1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3. Plaintiff, MICHAEL SYLVESTER, is an adult and a resident of Hillsborough County, Florida.

4. Defendant, SABRINA'S TRUCKING LLC., is a Florida Limited Liability Company authorized and doing business in this Judicial District.

5. Defendant, NATHANIEL JOHNSON III, was/is a corporate officer/director of Defendant, SABRINA'S TRUCKING LLC with operational control and direct control over the day-today operations, including compensation of employees and is therefore an employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

6. Defendant, SABRINA JOHNSON, was/is a corporate officer/director of Defendant, SABRINA'S TRUCKING LLC with operational control and direct control over the day-today operations, including compensation of employees and is therefore an employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

7. Defendants are covered employers under the Fair Labor Standards Act.

8. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(2), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

9. On or about July 3, 2021, Plaintiff was hired by Defendants as a Driver.

10. As a Driver, Plaintiff's primary job duties were driving a dump truck within the State of Florida transporting asphalt and millings.

11. Plaintiff was paid an hour rate of $18.00.

12. Throughout Plaintiff's employment with Defendants, Plaintiff was required to work a significant number of hours per day that were not compensated at all by Defendants and were not paid at a rate of time and one-half of Plaintiff's regular rate of pay if the hours exceeded forty (40) in a work week.

13. In particular, Plaintiff was required by Defendants to report to the shop where his dump truck was housed. Upon arrival at the shop, Plaintiff was required to perform pre-trip work on his truck, then drive the truck to the asphalt plant, accept the load, then drive to the worksite. This process would take anywhere from 30 to 90 minutes per shift.

14. Defendants did not compensate Plaintiff for the work performed before arriving at the first worksite.

15. At the end of Plaintiff's shift, Plaintiff was required to drive the dump truck back to the shop. Upon arrival at the shop, Plaintiff was required to inspect the vehicle and turn in paperwork to Defendants.

16. Defendants did not compensate Plaintiff for the return trip to the shop and the work performed upon arrival at the shop.

17. April 21, 2022 was Plaintiff's final day of work with Defendants.

18. Between approximately August 2, 2021 and April 21, 2022, Plaintiff worked an average of approximately 30 to 32 hours per work week for which he was compensated by Defendants. However, Plaintiff was not compensated at all for approximately 10 to 15 hours of work per week. Moreover, Plaintiff was not compensated at a rate of time and one-half his regular rate of pay for all hours worked over forty (40) in a work week.

19. Plaintiff performed work for Defendants in excess of forty (40) hours per work week, for which Defendants knew or should have known.

20. At all material times, Plaintiff was regularly required to work hours in excess of the maximum hours allowed by law (overtime hours). However, Defendants failed to keep accurate time records reflecting the hours worked by Plaintiff.

21. Defendants' violations of the FLSA were/are knowing, willful, and in reckless disregard of the rights of Plaintiff.

22. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME

23. Plaintiff, MICHAEL SYLVESTER, realleges and incorporates paragraphs one (1) through twenty-two (22) as though set forth fully herein.

24. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at least the prevailing minimum wage for all hours worked and overtime at a rate of not less than 1 ½ times the regular rate of pay for all hours worked in excess of the maximum hours allowed by law (overtime hours).

25. Plaintiff was an employee of Defendants and is not exempt from the right to receive overtime pay under the FLSA. Therefore, Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

26. Throughout his employment with Defendant, Plaintiff worked in excess of the maximum hours allowed by law (overtime hours), for which he was not compensated at the overtime rate.

27. Plaintiff was/is entitled to be paid overtime compensation for all overtime hours worked.

28. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of the maximum hours allowed by law (overtime hours), violates the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 207.

29. Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and § 215(a).

30. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

31. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for:

(a) Overtime compensation, liquidated damages, and prejudgment interest;

(b) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(c) A judicial determination that the FLSA was violated;

(d) An adjudication on the merits of the case; and

  (e)  Such other relief as the court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT- UNPAID WAGES

44. Plaintiff, MICHAEL SYLVESTER, realleges and incorporates paragraphs one (1) through twenty-two (22) as though set forth fully herein.

45. Plaintiff was employed by Defendant Sabrina's Trucking, LLC from approximately August 2, 2021 to April 21, 2022. Defendant agreed to pay Plaintiff for all hours worked.

46. Plaintiff is entitled to his wages earned during the time he began doing pre-trip work to his arrival at the first job site, which are owed and payable by Defendant.

47. Similarly, Plaintiff is entitled to his wages earned during the time he left the final job site, drove to Defendant's shop and performed post-shift work, which are owed and payable by Defendant.

48. Defendant has failed and refused to make payment as required by the parties' agreement.

49. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Section 448.08, *Florida Statutes*.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, SABRINA'S TRUCKING, LLC and for damages as follows:

  a.  Payment of earned unpaid wages;

  b. Pre-judgment interest;

  c. Post-judgment interest;

  d. Attorney's fees and costs; and

  e. For such other relief as the Court deems equitable

## DEMAND FOR JURY TRIAL

50. Plaintiff, MICHAEL SYLVESTER, demands a trial by jury.

Dated this 29th day of June, 2022.

        **FLORIN GRAY BOUZAS OWENS, LLC**

        */s/ Gregory A. Owens*
        **GREGORY A. OWENS, ESQUIRE**
        Florida Bar No.: 51366
        greg@fgbolaw.com
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804
        wolfgang@fgbolaw.com
        16524 Pointe Village Drive
        Suite 100
        Lutz, Florida 33558
        (727) 254-5255
        (727) 483-7942 (fax)
        *Trial Attorneys for Plaintiff*